IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS ARMOUR,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**WEXFORD MEDICAL PROVIDER, CONNIE DOLCE, AMANDA CHOATS, WALTER, JANE DOE #1, and JANE DOE #2,**<br><br>　　**Defendants.** | Case No. 23-cv-3072-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　Plaintiff Demetrius Armour, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. His Complaint (Doc. 1), alleging deliberate indifference to his flu-like symptoms, was dismissed without prejudice for failure to state a claim (Doc. 13). He was granted leave to file an amended pleading. In his First Amended Complaint (Doc. 14), Armour again alleges that the defendants were deliberately indifferent to his need for medical care in violation of the Eighth Amendment.

　　This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

In the First Amended Complaint, Armour makes the following allegations: On October 29, 2022, during the Covid-19 pandemic, Armour developed flu-like symptoms including: severe headaches, sweating, loss of concentration, loss of appetite, muscle aches, inability to stand for short periods of time, and excessive tiredness (Doc. 14, p. 6). On October 30, 2022, Armour submitted a sick call slip to the healthcare unit (*Id.*). He submitted a second sick call slip the next day because he did not receive a response to the first one. On November 1, 2022, he wrote a third request. No one responded to any of the sick call request slips (*Id.*).

Armour verbally requested medical help from Amanda Choats, Nurse Walter, and Jane Doe Nurse #1 (identified as Nurse Melissa) (*Id.*). He spoke to each during their daily 2:00 p.m. rounds, but they merely told him to submit a sick call request slip. Although he tried to inform them that he had already submitted multiple requests, they just kept walking past his cell (*Id.*). On November 7, 2022, Armour wrote a grievance about his inability to obtain medical care (*Id.* at p. 7).

Armour alleges that Amanda Choats, Nurse Walter, Connie Dolce, and Jane Doe #'s 1 and 2 repeatedly failed to schedule Armour for medical treatment. He alleges that the nurses assigned to the cellhouse are responsible for reviewing sick call request slips and scheduling inmates for treatment. He further alleges that Connie Dolce reviews grievances and is responsible for scheduling medical treatment (*Id.*). He alleges that

Wexford Medical Provider was aware of the defendants' failure to schedule timely medical care and failed to take disciplinary action against them. He also alleges Wexford had an unwritten policy of refusing sick call request slips from inmates in order to cut costs and allow for an easy workday for its employees (*Id.* at p. 8).

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Connie Dolce, Amanda Choats, Nurse Walter, Jane Doe #1, and Jane Doe #2 for failing to schedule or provide treatment to Armour for his flu-like symptoms.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Wexford Medical Provider for having a policy of refusing sick call request slips from inmates in order to cut costs.**
>
> **Count 3:** **Illinois state law negligence claim against Connie Dolce, Amanda Choats, Nurse Walter, Jane Doe #1, and Jane Doe #2 for failing to schedule or provide treatment to Armour for his flu-like symptoms.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

At this stage, Armour states an adequate claim for deliberate indifference to his medical needs against Amanda Choats, Nurse Walter, and Jane Doe Nurse #1 (identified as Nurse Melissa). He alleges that he spoke to each medical provider and each provider simply told him to submit sick call request slips. He submitted the request slips as directed but none of the named providers responded or scheduled him for care.

To help identify Jane Doe Nurse #1, the Court **ADDS** the current warden of Menard Correctional Center, Anthony Wills (in his official capacity only), for the purpose of responding to discovery aimed at identifying the unknown defendant.

Armour fails, however, to state a claim against Connie Dolce and Jane Doe #2. As to Dolce, he alleges that she was responsible for responding to grievances and should have scheduled him for medical treatment after reviewing his grievance (Doc. 14, pp. 7, 8). But the simple denying or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (stating that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Further, Armour fails to allege that Dolce received any of his sick call request slips and failed to schedule him for treatment. There is no indication that she had any personal involvement in failing to review or schedule his sick call slips. Thus, the claim against Dolce is **DISMISSED without prejudice**. Similarly, Armour fails to state a claim against Jane Doe #2. He alleges that both Jane Doe #1 and Jane Doe #2 were responsible for reviewing sick call request slips and then scheduling treatment/appointments based on those requests (Doc. 14, p. 7). But there is no indication

4

in the pleadings that either unknown nurse received Armour's sick call requests. It is not clear what days those nurses worked or if they reviewed sick call request slips on the days in question. Although Armour does allege that he spoke to Nurse Melissa/Jane Doe #1, there are no allegations in the Amended Complaint to suggest he spoke to Jane Doe #2. Thus, the claim against Jane Doe #2 is also **DISMISSED without prejudice**.

**Count 2**

As to the claim against Wexford, Armour adequately alleges that the failure to schedule him for medical care stemmed from a policy of Wexford to ignore sick call request slips. Armour alleges that providers did not review the slips and schedule inmates for care in an effort to cut costs. These allegations adequately state a claim against Wexford. But to the extent that Armour alleges that Wexford was responsible for the behavior of its employees (Doc. 14, p. 7), Armour fails to state a claim because *respondeat superior*, or supervisory, liability is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)).

**Count 3**

Armour's claim in Count 3, that the defendants were negligent in failing to provide him with care, derive from the same facts as his federal constitutional claims and will proceed against Amanda Choats, Walter, and Jane Doe Nurse #1 (identified as Nurse Melissa). 28 U.S.C. § 1367(a). As previously stated, Armour fails to state a claim against Connie Dolce and Jane Doe #2. To ultimately pursue this claim, before the completion of the summary judgment phase of the case, Armour must file an affidavit stating that

5

"there is a reasonable and meritorious cause" for litigation against the defendants and a physician's report to support the assertions in the affidavit, pursuant to 735 ILCS § 5/2-622. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019).

## Disposition

For the reasons stated above, Count 1 shall proceed against Amanda Choats, Nurse Walter, and Jane Doe #1 (Nurse Melissa). Count 2 shall proceed against Wexford Medical Provider. Count 3 shall proceed against Amanda Choats, Nurse Walter, and Jane Doe #1. All other claims and defendants are **DISMISSED without prejudice**. Anthony Wills (official capacity only) is **ADDED** to the case to help identify the unknown defendants.

The Clerk of Court shall prepare for Defendants Amanda Choats, Nurse Walter, Anthony Wills (official capacity only), and Wexford Medical Provider: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Armour. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Armour, the employer shall furnish the Clerk with the defendant's current work address, or, if not

known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  April 12, 2024

_____
**NANCY J. ROSENSTENGEL**
Chief U.S. District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**