**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEMETRIUS ARMOUR,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-cv-3072-NJR** |
| **AMANDA CHOATE, ANGELA WALTER, ANTHONY WILLS, MELISSA OGLE, and WEXFORD HEALTH SOURCES, INC.,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Demetrius Armour, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On July 11, 2025, Armour's claims were dismissed for his failure to exhaust his administrative remedies prior to filing his lawsuit, and judgment was entered against him (Docs. 59, 60).

The matter is now before the Court on Armour's motion for new trial (Doc. 61). Defendants filed a response in opposition to the motion (Doc. 62).

### BACKGROUND

Armour's First Amended Complaint alleged that Defendants were deliberately indifferent in treating his flu-like symptoms (Docs. 14, 15). He was allowed to proceed on three counts related to the failure to schedule and provide treatment for his symptoms (Doc. 15, p. 3). Defendants filed motions for summary judgment, arguing that Armour

1

failed to exhaust his administrative remedies prior to filing his lawsuit (Docs. 38, 39, 42). Defendants acknowledged that Armour filed two grievances related to his claims, dated November 7, 2022, and February 22, 2023, but he failed to pursue either grievance through the entire grievance process before filing his Complaint (Doc. 59, pp. 3-4). Armour received responses from the counselor prior to filing his lawsuit but did not pursue those grievances with the grievance officer or the Administrative Review Board ("ARB").

In response, Armour acknowledged that he did not pursue the grievances after receiving the responses but argued he had already done everything that he could to exhaust his administrative remedies. Armour argued that his February 2023 grievance was a duplicate that he intended to submit to the grievance officer because he never received a response from the counselor for his November 2022 grievance (Doc. 59, p. 5). When he failed to receive a response from the grievance officer, he submitted the duplicate grievance to the ARB which was returned (*Id.*). Armour argued that he filed his grievance at all three levels of the grievance process and did not have to restart the process when he finally received a response to both grievances from his counselor in June 2023.

Because the parties did not dispute that Armour filed two grievances that he chose not to file with the grievance officer, the Court found that an evidentiary hearing was unnecessary. The parties did not dispute the facts but instead disputed whether Armour had to further pursue his grievances after experiencing a delay in receiving a response from the counselor.

The Court found that Armour failed to exhaust his administrative remedies. Although Armour initially inquired about the status of his November 2022 grievance and received a response from the counselor indicating that she was waiting on a response from the healthcare unit, Armour eventually chose to file a second grievance in February 2023 rather than await a response to his original grievance (Doc. 59, p. 11). He then submitted a copy of that grievance to the ARB (*Id.*). Armour did experience delays in the process, but the Court found that the delays were not so lengthy as to make the grievance process unavailable (*Id.* at pp. 11-12). The grievance procedures did not provide a deadline for the counselor to respond to the grievance, and Armour was made aware of the delays. He knew that his grievance was still being processed but chose to try to skip to the next step. And when he did receive a response to his grievance, he failed to pursue the grievance further. He received a response in June 2023 to both grievances, informing him that his subsequent grievance was not reviewed by the grievance officer and was treated as a new grievance (Doc. 59, p. 13).[1] He made no attempts to try to further exhaust his grievances prior to filing his lawsuit, despite not filing his original Complaint until three months after receiving the grievance responses. The Court found the grievance process was available to Armour and that he failed to pursue his grievances through the

---

[1] The Court notes that the order mistakenly indicates at one point that the counselor returned the grievance on June 26, 2024 (Doc. 59, p. 13), although previous references to the response accurately indicate that the grievance was returned on June 26, 2023, or shortly thereafter (Doc. 59, pp. 4, 10). In calculating the delays in receiving a response from the counselor, the Court also referred to the grievances as being filed in 2023 and 2024, but all other references accurately note that the grievances were filed on November 7, 2022, and February 22, 2023 (*Id.* at p. 11; Doc. 42-2, pp. 44, 48).

entire process. His claims were dismissed without prejudice because of his failure to properly exhaust his administrative remedies.

In his motion for new trial, Armour argues that the Court improperly decided disputed facts, and he offers what he calls newly discovered evidence. Armour argues that the counselor had 30 days to respond to his grievance, pointing to a grievance procedure pilot program that Armour alleges he received after the Court's ruling on the summary judgment motions (Doc. 61, pp. 6-12). As he did in his response to the motions, Armour again argues that he did not have to exhaust his original grievance because he submitted his duplicate grievance to the ARB.

### DISCUSSION

Armour argues that he seeks a reconsideration of the order granting summary judgment under Federal Rule of Civil Procedure 59(e). Defendants assert, however, that the motion should be considered pursuant to Federal Rule of Civil Procedure 60(b) because Armour offers new evidence. "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Armour's motion was filed within 28 days of the entry of

4

judgment in this case. He argues that he has newly discovered evidence that demonstrates he only had to wait 30 days before pursuing his grievance to the next level in the process. Thus, his motion is properly considered under Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a "manifest error" of law or fact or presents newly discovered evidence that could not have been discovered previously. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Here, Armour argues that he has newly discovered evidence that demonstrates he should have received a response from the counselor within 30 days. To support his claim, he offers an IDOC Memorandum about the Pilot Grievance Procedure Program that was issued to certain prisons in September 2023 (Doc. 61, p. 6). The pilot program was presented to individuals in custody at certain prisons on September 5, 2023, informing them that those prisons would begin a new grievance process on September 1, 2023, in an effort to improve the procedures outlined in the administrative directives (*Id.*). The memorandum states that a counselor shall return a grievance within 30 days of receipt or may request a 14-calendar day extension of time (*Id.* at p. 9).

Although Armour contends that this is a newly discovered document, Armour referred to the document in his responsive brief, arguing that the pilot program required

5

a grievance response from a counselor within 30 days (Doc. 53, p. 2). Armour argues that he did not have a copy of the memorandum in his possession when he filed his response.

Further, the pilot program was never codified in the Illinois Administrative Code. The Code does not currently specify a response deadline for the counselor once a grievance is received. There is no evidence to suggest that the pilot program became anything other than a trial program. More importantly, the memo is dated September 5, 2023, and notes that the program began at Menard on September 1, 2023 (Doc. 61, p. 6). Armour submitted his grievances in November 2022 and February 2023, well before this pilot program was even in effect at Menard. Nothing in the record suggests that the counselor was required to return Armour's grievance within 30 days of its receipt.

Armour's remaining arguments merely restate the arguments he previously presented in his original responsive brief. He argues that he could proceed to the next level of the grievance process when he failed to receive a response from the counselor within what he thought was a reasonable timeframe. To support his argument, he cites *Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005), in which the Seventh Circuit found a pretrial detainee had done all that he could to properly exhaust his grievance when he failed to receive a timely response from grievance officials. However, *Brengettcy* dealt with grievance policies at the Cook County Department of Corrections, which required a response within 30 days or notice that the response would take longer than 30 days. *Brengettcy*, 423 F.3d at 682. But IDOC's administrative code has no such deadline for a counselor to respond. And, as the Court noted in granting the summary judgment motions, Armour was given notice that his grievance was still pending a response from

6

the healthcare unit (Doc. 59, p. 11). He also eventually received responses to his grievances and had an opportunity to pursue the grievances through the grievance process, but he failed to take those additional steps. Thus, he failed to exhaust his administrative remedies prior to filing his lawsuit. Armour's additional arguments and documents fail to demonstrate that he is entitled to relief.

CONCLUSION

For the reasons stated above, Armour's motion for new trial (Doc. 61) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 9, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**